UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LATASHA A. JOHNSON,
SHANIKA L. JONES,
SHANA T. HEYWARD, and
SABRINA D. SMITH,

      Plaintiffs,

v.                                                       Case No. 8:05-cv-01823-SCB-TBM

FTN PROMOTIONS, INC.
*a Florida corporation d/b/a*
Suntasia Marketing, Inc., and
BRYON WOLF,

      Defendants.
_____/

## **ORDER**

This cause comes before the Court on a Motion for Summary Judgment filed on behalf of Defendants FTN Promotions, Inc. d/b/a Suntasia Marketing, Inc. ("FTN") and Bryon Wolf. (Doc. No. 22.)  Plaintiffs Latasha A. Johnson, Shanika L. Jones, Shana T. Heyward, and Sabrina D. Smith have filed a memorandum in opposition to Defendants' Motion. (Doc. Nos. 41-44.) For the reasons stated herein, Defendants' Motion is denied.

**I.     Facts and Procedural History**

FTN is a telemarketing company headquartered in Largo, Florida.  (Patti aff., ¶¶ 4-5.) FTN employs entry level Telephone Sales Representatives to make the sales calls.  (*Id.* at ¶ 6.) An Assistant Manager and a Manager supervise the Telephone Sales Representatives.  (*Id.* at ¶ 7.)  All of the Managers and Assistant Managers are supervised by and report to the Directors of Sales, who in turn report to FTN's Director of Operations.  (*Id.* at ¶¶ 8, 10.)  Until July 2002,

Justin Honiker and Tina Naszkiewicz were FTN's two Directors of Sales. (*Id.* at ¶ 8.) David Reilly was the Executive Vice President and Chief Operating Officer at FTN until September of 2003, and Defendant Bryon Wolf is the President and Chief Executive Officer of FTN. (Reilly dep., p.13, 21; Wolf aff., ¶ 2.)

Plaintiffs, who are all African-American, were hired by FTN as Telephone Sales Representatives at various times between 1999 and 2000. (Johnson dep., p.11; Jones dep., p.49; Heyward dep., p.33-34; Smith dep., p.56-57.) Sometime after her employment began, Plaintiff Johnson applied for, but did not receive, a promotion to Accounts Verifier. (Johnson dep., p.19-20.) She maintained various positions with FTN until she was terminated in 2004. (*Id.* at 22.) Plaintiff Jones also held various positions with FTN, and was promoted and demoted several times, until she was terminated in August of 2006. (Jones dep., p.13, 46-47.) Plaintiff Heyward applied for, but did not receive, a promotion to Director of Operations. (Heyward dep., p.44-49.) Thereafter, she filed a Charge of Discrimination with the EEOC alleging discriminatory failure to promote, and then she resigned from her employment. (*Id.* at 51, 64.) In March 2002, Plaintiff Smith was demoted from a management position to sales representative. (Smith dep., p.74-78.) Thereafter, Smith submitted written letters to FTN management in which she complained of unfair and discriminatory employment practices, and then resigned from her employment. (*Id.* at 104, 74; Exs. 6,7.)

Plaintiffs filed suit against FTN and Wolf alleging racial discrimination and retaliation in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. ("FCRA") and 42 U.S.C. § 1981. (Pls.' Compl. ¶ 1.) Specifically, Plaintiff Johnson alleges that FTN failed to promote her to the position of Accounts Verifier during the summer of 2002 because of her race. (*Id.* at ¶ 7.)

Plaintiff Jones alleges that she was demoted in September of 2002 because of her race. (*Id.* at ¶ 8.) Plaintiff Heyward alleges that she was denied promotions in 2002 because of her race and was then retaliated against for filing an EEOC Charge of Discrimination. (*Id.* at ¶ 9.) Finally, Plaintiff Smith alleges that she was demoted and constructively discharged because of her race. (*Id.* at ¶ 10.)

Plaintiffs' claim are based, in part, on their allegation that "[s]ometime during March 2002," Defendant President Wolf and Executive Vice-President Reilly issued a directive that "there were too many blacks employed in management." (*Id.* at ¶ 11.) Specifically, they allege that Wolf and Reilly advised Directors of Sales Honiker and Naszkiewicz that there "were too many blacks employed in management" and to "find a way to terminate the blacks or they themselves would be terminated." (*Id.* at ¶¶ 11-12.) They further allege that after this March 2002 meeting, FTN adhered to this directive and began demoting or terminating black employees. (*Id.* at ¶ 14.) Finally, they allege that Honiker and Naszkiewicz filed Charges of Discrimination with the EEOC, alleging that they were terminated for refusing to follow this discriminatory directive. (*Id.* at ¶ 13.)

**II.    Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A moving party discharges its burden on a

motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S. Ct. at 2554. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. *See id.* When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. *Id.* at 324, 106 S. Ct. at 2553.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. *Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988) (per curiam). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

### III.  Discussion

Defendants FTN and Wolf argue that summary judgment is appropriate because Plaintiffs cannot establish with admissible evidence a prima facie case of disparate treatment, or that the decisions regarding their employment were pretextual. In their responsive pleading, Plaintiffs

assert that both direct and circumstantial evidence support their claims of discrimination and retaliation. In particular, Plaintiffs allege that either Executive Vice President Reilly and/or Defendant President Wolf issued a "race-conscious directive" to Directors of Sales Honiker and Naszkiewicz to "get rid of blacks in management" in March 2002. Plaintiffs assert that this directive to demote or terminate "blacks in management" qualifies as direct or circumstantial evidence of discrimination that would preclude the entry of summary judgment.

Reviewing the record in the light most favorable to Plaintiffs, and drawing all reasonable inferences from the record in their favor, the Court finds that a genuine issue of material fact remains as to whether Plaintiffs were discriminated and/or retaliated against because of their race. Plaintiff Heyward testified at her deposition that Director of Sales Honiker twice told her that "there was a directive from [FTN's] executives to remove blacks from management . . . ." (Heyward dep., p.83-84.) Likewise, Plaintiff Smith testified that Director of Sales Naszkiewicz told her that "Bryon Wolf [and David Reilly] instructed [Naszkiewicz] and [Honiker] to remove us [referring to African-Americans], there was too many of us in management and that we were maintaining like a ghetto atmosphere; and that they wanted to remove some of the blacks, downsize the blacks . . . ." (Smith dep., p.124-25.) This testimony alone is sufficient to raise an issue of fact for trial. At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, __ U.S. __, __, 126 S. Ct. 2064, 2089, 165 L. Ed. 2d 1 (2006). Furthermore, the Court rejects Defendants' argument that this testimony about Honiker's and Naszkiewicz's alleged statements is inadmissible hearsay because the testimony would be admissible as an admission by a party opponent. *See* Fed. R. Evid. 801(d)(2)(D) ("A statement is not hearsay if . .

. [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . .").

## IV. Conclusion

In conclusion, the Court finds that Plaintiffs have presented sufficient admissible evidence to establish a genuine issue of material fact and to preclude the entry of summary judgment. Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (Doc. No. 22) is **DENIED**.

The Court notes that this case raises similar factual and legal issues to those raised in *Gaddy v. FTN Promotions, et al.*, Case No. 8:05-cv-2023-SCB-EAJ, another case before the Court. The plaintiffs' claims in both cases are based on the alleged March 2002 directive to eliminate African Americans from management positions, and the parties in both cases are represented by the same attorneys. Therefore, the Court directs the parties to show cause by Monday, December 4, 2006, why the cases should not be consolidated for all future proceedings, including trial.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of November, 2006.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge